SOUTHERN DISTRICT OF MISSISSIPPI
FILED

MAR 20 2017

ARTHUR JOHNSTON
BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

SHYWANDIA McCALPIN                                                    PLAINTIFF

v.                                              Cause No.: 3:17 C V 188 DPJ-FKB

R'EVOLUTION SEAFOOD AT RENAISSANCE, LLC;
RYAN RHODES; and JOHN DOES 1-5,
whose Identity is unknown                                            DEFENDANTS

---

## COMPLAINT
### *Jury Trial Demanded*

---

This is an action to recover actual damages against Seafood R'evolution ("Seafood") ("Restaurant") and officials employed by Restaurant for race discrimination and other claims.

1.      Plaintiff Shywondia McCalpin is an adult resident of Hinds County who resides at 3242 Meadow Lane, Jackson, MS 39204.   Plaintiff is African American.

2.      Upon information and belief, Defendant R'evolution Seafood at Renaissance, LLC ("R'evolution") is the owner of Seafood R'evolution, a restaurant doing business in the State of Mississippi, Madison County.   R'evolution is a Mississippi LLC. It may be served by serving its registered agent:   National Registered Agents, Inc., 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

3.      Ryan Rhodes is an adult resident of Mississippi who was the shift manager at all times relative to this Complaint. He was an employee of R'evolution, acting within the course and scope of his employment at all times materials hereto.   This Defendant is hereinafter referred to as "Rhodes".

4.      Defendants John Does 1-5 are other entities or individual employees of the

-1-

Defendant R'evolution who may have participated, directed or condoned the wrongful acts described and whose identity is unknown to the Plaintiff at this time. These individuals participated in the events related below, are sued individually and in their official capacity.

5.       This Court has federal question jurisdiction under 28 U.S.C. §1331 because this case arises under the Constitution and laws of the United States, and under the provisions of Title VII, 42 U.S.C. 2000 et seq.   and jurisdiction under 28 U.S.C. §1343 for causes of action arising under the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 (42 U.S.C. Section 2000e-5).   Jurisdiction of this court for the pendent claims is authorized by F.R.Civ.P. 18(a), and arises under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

6.       Venue is proper in this Court because the Defendant has at all times relevant maintained operations in Madison County, Mississippi, and committed wrongful conduct against the Plaintiff therein.

## FACTS

7.       Plaintiff worked for R'evolution from November 2014 to December 2015 as a waitress. Plaintiff has worked as a waitress for over twenty (20) years. Due to her experience, Plaintiff was able to become a captain within a week of starting at Seafood R'evolution. During her tenure, she was one of the restaurant's top sellers. Plaintiff was responsible for, among other things, greeting and serving the customers of Seafood R'evolution. During her entire time there, Plaintiff was hired and worked exclusively the lunch shift from Tuesday through Saturday from 10:30 a.m. until 2 p.m.

8.       On or about December 19, 2015, Plaintiff was informed by the scheduling manager that Bill Barksdale, one of the investors, planned a Christmas party for Sunday, December 20,

2015 and it was mandatory for everyone to work the Christmas party. The scheduling manager informed her of this mandatory day because he knew Plaintiff only worked the lunch shift from Tuesday through Saturday and was to be off on Sunday.   Plaintiff spoke with Mason, head of operations and explained to him that she did not know the night protocol, that Sundays are usually her off days and that because of that her second job, the Mermaid Café, had planned their Christmas party. She requested, and Mason granted her permission to be absent for the Barksdale Christmas party.   However, when she returned to work on Tuesday, December 22, 2015, Plaintiff was terminated by Ryan Rhodes for not showing up for the scheduled party on Sunday.   During this meeting, the scheduling manager, Patrick Munn advised Mr. Rhodes that Plaintiff had permission to be absent; however, Ryan terminated Plaintiff anyway. Defendants took these actions because of Plaintiff's race.

9.      Upon information and belief, there were other white employees of Defendant who failed to work the Barksdale Christmas party who did not have permission to be absent but who were not terminated.

10.     Plaintiff filed EEOC charges after her termination.   The EEOC conducted its investigation, and issued Plaintiff her right to sue letter on December 21, 2016. *See* Notice of Right to Sue attached as composite Exhibit "A."

11.     Plaintiff is an employee of the Defendants within the meaning of 42 U.S. C. 2000e(f).

12.     Defendants are an employer, employment agency, or labor organization within the meaning of 42 U.S. C. 2000e (b), (c) or (d).   Defendants are engaged in commerce within the meaning of 42 U.S. c. 2000e(g).

## CAUSES OF ACTION

### DISCRIMINATION IN VIOLATION OF TITLE VII

13.     Defendants have violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964 by discriminating against her based on her race.   She is a member of a protected class; she was terminated for missing a scheduled work event that she had permission to miss; two Caucasian employees missed the same scheduled event without permission and were not terminated for it. The actions of the Defendants proximately caused or contributed to Plaintiff's loss of a job, lost wages, and emotional pain and suffering.

### DISCRIMINATION IN VIOLATION OF 42 USC §1981

14.     Defendants are liable to Plaintiff for violating 42 U.S.C. §1981 since they failed to allow Plaintiff to make and enforce contracts on the same basis as white persons.   The actions of the Defendants proximately caused or contributed to Plaintiff's loss of a job, lost wages, and emotional pain and suffering.

### INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

15.     Plaintiff incorporates herein by reference the proceeding paragraphs of this Complaint.

16.     The Defendants' conduct, including the discriminatory discharge of the plaintiff was intentional, reckless and outrageous, beyond the bounds of decency in our society and condoned, if not instigated by Defendants in deliberate disregard of a high degree of probability that emotional distress would result to the Plaintiff.   In the alternative, the Defendants knew or should have known that the discriminatory termination of Plaintiff would cause emotional harm to the Plaintiff.

17.     As a result of Defendants' outrageous and/or negligent conduct, Plaintiff has

-4-

suffered emotional distress as well as shame, humiliation, degradation and other emotional injuries.

## DAMAGES

18.     Plaintiff has suffered lost wages and mental anxiety and stress, as a result of the Defendants' unlawful conduct. Plaintiff also seeks punitive damages for the Defendants' willful and reckless disregard of her rights.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that upon full hearing hereof that she be awarded the following relief:

1.  Lost wages

2.  Front pay

3.  Compensatory damages for her emotional and mental damages

4.  Punitive damages

5.  Reasonable costs and attorneys fees.

And Plaintiff seeks such other relief to which she may be entitled under the law.

**RESPECTFULLY SUBMITTED** this, the 20th day of March, 2017.

**SHYWONDIA MCCALPIN, PLAINTIFF**

By: _____
Crystal Wise Martin
Suzanne Keys
RaToya Gilmer
*Attorneys for Plaintiff*

OF COUNSEL:
**PRECIOUS MARTIN, SR. & ASSOCIATES, PLLC**
821 North Congress Street
Post Office Box 373
Jackson, Mississippi 39205
Telephone (601) 944-1447
Facsimile (601) 944-1448